Matter of People of the State of New York v Tyson Foods, Inc. (2023 NY Slip Op 03975)

Matter of People of the State of New York v Tyson Foods, Inc.

2023 NY Slip Op 03975

Decided on July 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 27, 2023

Before: Renwick, P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 156457/22 Appeal No. 489 Case No. 2023-00125 

[*1]In the Matter of People of the State of New York, by Letitia James, Attorney General of the State of New York, Petitioner-Respondent,
v
Tyson Foods, Inc., Respondent-Appellant.

Simpson Thacher & Bartlett LLP, New York (Martin S. Bell of counsel), and Simpson Thacher & Bartlett LLP, Washington, DC (John F. Terzaken, III, and Laurel E. Fresquez of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Letitia James, Attorney General, New York (Cleland B. Welton, II of counsel), for respondent.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered December 7, 2022, which denied respondent's cross-petition to quash petitioner Attorney General's subpoena duces tecum served in connection with an investigation into complaints about price gouging of meat products during the COVID-19 pandemic or, in the alternative, for a protective order, unanimously affirmed, without costs.
The Attorney General has broad powers to investigate price gouging under General Business Law § 396-r(2) and Executive Law § 63(12). Respondent Tyson Foods, Inc. failed to demonstrate that the Attorney General's subpoena calls for documents that are utterly irrelevant to any proper inquiry or that "the futility of the process to uncover anything legitimate is inevitable or obvious" (Anheuser-Busch, Inc. v Abrams , 71 NY2d 327, 331-332 [1988][internal quotation marks omitted]). Rather, at this stage, the subpoena was properly sustained because the documents sought bear a reasonable relation to the issue of whether respondent or others in the chain of distribution of respondent's products engaged in price gouging within the meaning of General Business Law § 396-r(2) (id . at 332).
We have considered respondent's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 27, 2023